## Sulzer v. Gross.

*Practice, C. P.—Affidavit of defence—Statement of claim—Exceptions to statement—Act of May 14, 1915.*

1. A motion for judgment for want of a sufficient affidavit of defence, entered while exceptions to the statement of claim are still pending, is premature and will be overruled.

2. Section 21 of the Act of May 14, 1915, P. L. 483, relating to extension of time, takes effect only at the stage when the substance, and not the mere form, of the claim or counter-claim must be met, whether on legal grounds or those of fact. In either case the party is then taking defence to the adversary's demand.

3. Such is not the case where a party moves to strike off for informality. That step is authorized by section 21, where nothing is said about obtaining additional time to plead.

4. In its nature a question of form is strictly preliminary. In order to serve its appointed purpose it must operate as a quasi-stay of proceedings so far as concerns the merits.

5. Where a party excepts to the form of proceedings under section 21 of the act, he does not incur the consequences of default for not having secured an extension of time pending the disposal of his exceptions.

Exceptions to plaintiff's statement. Motion for judgment. C. P. Lackawanna Co., Nov. T., 1921, No. 279.

*Knapp, O'Malley, Hill & Harris*, for plaintiff; *J. Memolo*, for defendant.

NEWCOMB, J., Nov. 14, 1921.—These counter-motions reflect some difference of opinion in mind of counsel in and about the operation of the Practice Act of 1915. The chronology of the suit may be stated as follows:

1921, Sept. 30th, summons in *assumpsit*, returnable Nov. 7th; Oct. 13th, filed plaintiff's statement; Nov. 7th, statement excepted to; Nov. 12th, motion for judgment.

Plaintiff moves for judgment by default for want of an affidavit of defence. The motion seems to be without precedent, in that the exceptions to the statement are still pending. According to local usage, they would go to the argu-

ment list for hearing during the week of Dec. 5th. But upon that suggestion being made, it was stated by counsel at bar that what is wanted is expedition, and it was thereupon agreed that the two questions should go to a hearing forthwith.

It is self-evident that the learned counsel for plaintiff considers the mere presence of the exceptions to his statement quite immaterial to the question of the adversary's default, upon which his motion for judgment must depend. Yet, if quite sure of his ground, there would seem to have been no good reason why judgment had not been taken by præcipe instead of by motion, as provided by statute in case of such default.

His argument is this: The statute is at pains to provide for enlarging the time for any pleading by means of leave of court; such method must be deemed exclusive, and not having been followed by defendant, the time for taking defence has necessarily expired by limitation in terms of the statute itself.

To one having in mind the Act of March 21, 1806, § 13, 4 Sm. Laws, 326, 332, this reasoning, at first blush, seems rather orthodox. But the trouble with it is that it proves too much.

Carried to its logical extent, it calls for definitive judgment in damages against defendant to-day, though to-morrow plaintiff's cause of action may become extinct by force and effect of an order striking his pleading from the record.

Nothing short of inexorable necessity could support the conclusion that such anomalous result was in contemplation of the statute.

The difficulty disappears, however, if section 22 be understood as taking effect only at the stage when the substance, and not the mere form, of the claim or counter-claim must be met, whether on legal grounds or those of fact. In either case the party is then taking defence to the adversary's demand. Not so when he moves to strike off for informality. That step is authorized by the 21st section of the statute, where nothing is said about obtaining additional time to plead. No doubt that is due to the functional character of such motion. There may be nothing to answer. In its nature, a question of form is strictly preliminary. In order to serve its appointed purpose, it must operate as a quasi-stay of proceedings, so far as concerns the merits. Therefore, the supposition that defendant had incurred the consequences of default for want of an extension of time to plead pending his exceptions is believed to be erroneous.

Turning, then, to the question raised by the exceptions, it appears that the plaintiff's statement is challenged for duplicity. Counsel says he is at loss to know whether his client is sued on a negotiable instrument known as a "trade acceptance" or upon the underlying contract of purchase of certain merchandise.

The criticism does not seem to be well founded. It is clear enough that plaintiff declares upon the acceptance which was given by defendant to secure the price of the merchandise. True, it had been in the meantime negotiated; but, after protest, it had eventually come back to the hands of plaintiff as the payee. Hence, the suit is between the original parties to an acceptance, equivalent to a promissory note, so that the claim is open to any defence pertinent to the original transaction.

The motion for judgment is refused as premature. The exceptions to plaintiff's statement are overruled, without prejudice to the right of defendant, upon timely application, to move for leave to answer.

From William A. Wilcox, Scranton, Pa.